UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 3:11-CR-00080-LRH-WGC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EVER VIVAR, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are Defendant Ever Vivar's ("Vivar") Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. #127),[1] Motion for Leave to File Reply (Doc. #130), and Motion for Reconsideration Pursuant to Rule 60(b)(6) (Doc. #136). The government filed a response to Vivar's § 2255 Motion (Doc. #129), to which Vivar replied (Doc. #130, Ex. A).[2] It appears that Vivar's Motion for Reconsideration is premised on a belief that the Court has ruled on his Motion to Vacate Sentence for ineffective assistance of counsel. The Court has not yet ruled on Vivar's Motion to Vacate, but resolves all pending motions in this Order.

**I.   Facts and Procedural History**

On May 9, 2012, a grand jury returned a second superseding indictment charging Vivar and co-defendant Roman Alvarado with conspiracy to distribute fifty grams or more of actual

---

[1] Refers to the Court's docket number.

[2] The Court grants Vivar's Motion for Leave to file a reply. Doc. #130.

methamphetamine and aiding and abetting, and four counts of distribution of methamphetamine and aiding and abetting. Doc. #68. Vivar pleaded guilty to Count One pursuant to a written plea agreement on August 7, 2012. Doc. #89. The Probation Office issued a presentence report and a revised presentence report, and the Court held Vivar's sentencing hearing on June 26, 2013. The Court imposed a sentence of 120 months, the statutory mandatory minimum, and entered judgment on June 28, 2013. Doc. #111. Vivar filed a Notice of Appeal on August 12, 2013. Doc. #112. On December 24, 2013, the Ninth Circuit Court of Appeals granted the government's Motion to Dismiss appeal based on a the presence of a valid appeal waiver. Doc. #124.

Vivar filed his Motion to Vacate on February 5, 2014. Doc. #127. Upon the Court's Order, the government filed a timely response. Doc. #128; Doc. #129. Vivar represents that he was unable to file a timely reply due to a false accusation that he was involved in a prison riot, which caused him to be placed in a special housing unit until April 22, 2014. Doc. #130 at 2. On May 8, 2014, Vivar filed a Motion for Leave to file a reply, attaching said reply to the Motion. *Id.*, Ex. A. Thereafter, Vivar filed two Motions to Reduce Sentence. Doc. #131; Doc. #134. On April 28, 2015, the Court denied Vivar's Motions to Reduce Sentence because he had already been sentenced to the mandatory minimum of ten years in prison. Doc. #137.

Vivar filed his Motion for Reconsideration on March 30, 2015. Doc. #136. It appears that Vivar requests that the Court reconsider an order dismissing his Motion to Vacate under § 2255. Given that the Court has not yet ruled on Vivar's Motion to Vacate, Vivar's Motion for Reconsideration is premature. This Order resolves all three Motions pending before the Court.

**II.     Legal Standard**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A petitioner can base a § 2255 motion on the ineffective assistance of counsel

prior to conviction or a plea deal. *Strickland v. Washington*, 466 U.S. 668, 684 (1984). In order to prevail on an ineffective assistance of counsel claim, the petitioner has the burden of proving two elements. "First, the defendant must show that counsel's performance was deficient," meaning that counsel was not functioning as a competent advocate. *Id.* at 687. "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

### III. Discussion

Vivar alleges four omissions that he claims supports his § 2255 Motion for ineffective assistance of counsel: (1) counsel failed to argue that the government breached the plea agreement; (2) counsel failed to challenge the sentence in excess of the statutory minimum; (3) counsel failed to object to the Court's entering judgment on his guilty plea—to the conspiracy charge—when there was no factual basis for the charge; and (4) counsel failed to argue that evidence showing an "agreement" to possess with intent to distribute methamphetamine was insufficient. The government argues that these decisions do not fall below an objective standard of reasonableness, nor did this conduct prejudice Vivar.

In order to prevail on a Motion to Vacate based on ineffective assistance of counsel under § 2255, a prisoner must first establish that the attorney's conduct fell below an objective standard of reasonableness. *Id.* at 687. The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To rebut this presumption, the moving party must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Where a defendant enters a plea of guilty upon the advice of counsel, 'the volunariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.'" *Torrey v. Estelle*, 842 F.2d 234, 237 (9th Cir. 1988) (quoting *Hill v.*

*Lockhart*, 474 U.S. 52, 56 (1985)). "Gross mischaracterization of the likely outcome of the plea, combined with erroneous advice on the possible effects of going to trial, falls below the level of competence required for a defense attorney." *Id.*

Vivar has failed to establish that his counsel's conduct fell below an objective standard of reasonableness. At Vivar's change of plea hearing, the Court informed Vivar that by pleading guilty, he was giving up a number of important rights, such as the right to contest his charges at trial. Doc. #105 at 5:17-6:20. The Court also informed Vivar that at such a trial, each one of the elements of the charged offense would need to be proven beyond a reasonable doubt. *Id.* at 9:3-25. Vivar stated that these elements had been explained to him by his attorney, and that he understood that by pleading guilty he was admitting each of these elements. *Id.* at 10:2-9. Upon the Court's questioning, Vivar stated that he was aware that a minimum ten year sentence could be applied, and that the maximum possible sentence for the charged crime was life in prison. *Id.* at 11:10-19; 23:9-19. Vivar stated that the plea agreement had been explained in full by his attorney. *Id.* at 14:14-21. The Court informed Vivar that the plea agreement provided that he could argue that he was eligible for a safety valve, but that any application of a safety valve was up to the sole discretion of the Court, and Vivar stated that he understood. *Id.* at 19:16-23. The Court also described the facts of Vivar's offense, after which Vivar stated that these facts accurately reflected his personal conduct. *Id.* at 24:1-28:8.

Two of Vivar's arguments regarding ineffective assistance challenge counsel's decision not to challenge the merits of the conspiracy charge. However, negotiating a plea deal—which necessarily forfeits a challenge to a charge on the merits—does not constitute ineffective assistance of counsel absent evidence indicating that counsel's conduct in reaching the plea deal was objectively unreasonable. *See Torrey*, 842 F.2d at 237 (denying ineffective assistance claim following plea agreement, and finding that "[f]ailure to advise [defendant] of a collateral penalty cannot be held to be below an objective standard of reasonableness"). No such evidence exists here, and the Court's colloquy during Vivar's change of plea hearing indicates that Vivar's guilty

4

plea was knowing and voluntary. Accordingly, Vivar has not established ineffective assistance of counsel. *See United States v. Frank*, 36 F.3d 898, 903-04 (9th Cir. 1994) (denying the movant's ineffective assistance of counsel claim because negotiation of the plea was not unconscionable, and noting that the guilty plea was supported by the movant's open-court statements during the plea colloquy).

Vivar also argues that counsel erred in failing to argue that the government breached the plea agreement by moving for conviction under 21 U.S.C. § 841(a)(1) and § 846, rather than 21 U.S.C. § 843(b), which carries a lower mandatory sentence. Doc. #130, Ex. A at 2. This is not supported by the record. Count One of Vivar's Second Superseding Indictment refers to "distribution of fifty (50) grams and more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846; and Title 18, United States Code, Section 2." Doc. #68 at 1-2. The Plea Agreement refers to Count One of the Second Superseding indictment, for violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Doc. #90 at 3, 5. Additionally, Vivar was informed at his change of plea hearing that he was pleading guilty to Count One of the Second Superseding Indictment, which refers to the charge for violations of §§ 841 and 846. Accordingly, Vivar's arguments concerning the government's supposed breach of the plea agreement do not support vacating the sentence under § 2255. Because Vivar has not established that his counsel's conduct fell below an objective reasonableness standard, he cannot establish his claim for ineffective assistance of counsel, and the Court need not consider the prejudice prong of *Strickland*.

Vivar argues that the Court should hold a hearing before ruling on his § 2255 petition. Vivar points to § 2255(b), which states that the court should hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." A hearing is not required for every § 2255 motion, but is mandatory "whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims." *Baumann v. United States*, 692 F.2d 565, 570 (9th Cir. 1982). Mere conclusory statements do not justify a

hearing, but the petitioner must make factual allegations which, if true, would entitle him or her to relief. *Id.* at 571.

In *Shah v. United States*, the Ninth Circuit Court of Appeals affirmed the district court's denial of the defendant's § 2255 petition without a hearing because Shah's ineffective assistance of counsel claims contradicted the statements that he made in court regarding his attorney's representation. 878 F.2d 1156, 1158-62 (9th Cir. 1989). The court agreed with the district court that the defendant's conclusory statements regarding ineffective assistance were directly contradicted by his Rule 11 hearing, in which the court elicited the factual basis for his plea and the defendant "stated that he understood the charges against him as well as the maximum sentence he might receive." *Id.* at 1162. As in *Shah*, Vivar was informed of his rights at the Rule 11 hearing, and nonetheless knowingly and voluntarily pleaded guilty. Vivar stated that he understood the terms of the plea agreement, that the maximum possible sentence was life in prison, and that a determination of whether to apply a safety valve was within the Court's discretion.

The Court finds that Vivar has failed to allege facts to support his argument that a hearing is mandatory in this case. As discussed above, Vivar's arguments challenging the merits of his conspiracy charge were waived when Vivar knowingly and voluntarily pleaded guilty. Vivar cannot now argue the merits of the underlying conspiracy charge because he stated in open court that he was guilty of this crime and that he understood the consequences of pleading guilty. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Besides stating that Vivar's counsel was ineffective by declining to challenge the merits of the conspiracy charge, Vivar has not identified any specific conduct that would amount to ineffective assistance of counsel. Accordingly, the court finds that these arguments are conclusory and do not support the Motion to Vacate under § 2255.

Furthermore, Vivar's counsel's decision not to challenge application of the 120 month mandatory minimum sentence does not constitute ineffective assistance of counsel because the Court informed Vivar at the change of plea hearing that a determination of whether to apply the

6

safety valve was within the Court's discretion.  Vivar stated that he understood, and the Court subsequently determined that the safety valve does not apply, which led the Court to conclude that the mandatory minimum sentence of 120 months was effective.  Like Vivar's arguments on the merits of his conviction, counsel's decision not to challenge the mandatory 120 month sentence does not support Vivar's ineffective assistance of counsel claim.  Accordingly, the Court declines to hold a hearing because Vivar's § 2255 Motion conclusively shows that he is not entitled to relief.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that Vivar's Motion to Vacate under 28 U.S.C. § 2255 (Doc. #127) is DENIED.

IT IS FURTHER ORDERED that Vivar's Motion for Leave to File Reply (Doc. #130) is GRANTED.

IT IS FURTHER ORDERED that Vivar's Motion for Reconsideration (Doc. #136) is DENIED as moot.

IT IS SO ORDERED.

DATED this 18th day of September, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE